FILED

**NOT FOR PUBLICATION**

AUG 18 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANNA MARIE PHILLIPS, | No. 13-15066 |
| Petitioner - Appellant, | D.C. No. 1:11-cv-01928-GSA |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding

Argued and Submitted February 12, 2015
San Francisco California

Before: TASHIMA, McKEOWN, and CLIFTON, Circuit Judges.

Anna Marie Phillips appeals the district court's judgment affirming the

Commissioner's denial of her application for disability insurance benefits.  Phillips

argues that the Administrative Law Judge inappropriately considered evidence of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

her addiction to prescription drugs in light of Social Security Ruling ("SSR") 13-2p, erred in discounting the opinion of treating physician Dr. Dumitru, and further erred in discrediting Phillips's pain testimony. We remand to the district court with instructions to remand to the Social Security Administration for further consideration.

SSR 13-2p provides that substance use disorders do not include "[a]ddiction to, or use of, prescription medications taken as prescribed." Although SSR 13-2p was issued after Phillips was denied benefits, the Commissioner took the position before us that it did not represent a change in the law and that the finding that Phillips had abused drugs was based on her failure to take prescription medication as prescribed.

The record does not support that conclusion. The ALJ's decision placed "greatest weight" on the opinion of Dr. Temple, including his testimony that Phillips was "using more medication than she really needs." That did not demonstrate that she used more medication than she was prescribed, however. The ALJ noted that "claimant's doctors at Kaiser have prescribed her the pain medications."

The decision did refer to "drug seeking behavior" and the possibility that Phillips obtained a greater quantity of medication than prescribed by claiming that

the medication was stolen. Substantial evidence supported the ALJ's determination that on multiple occasions, Phillips requested additional prescriptions because her medication had been "stolen" or "lost." She also failed to attend pain management programs to which her doctors had referred her.

But neither the ALJ's decision nor the testimony of Dr. Temple upon which it relied distinguished between (a) medications taken in excess of the amounts prescribed by Phillips's doctors and (b) medications taken as prescribed that Dr. Temple believed were unnecessary and should not have been prescribed. The latter category would not necessarily indicate a substance use disorder as defined by the Commissioner. Similarly, the ALJ attributed the side effects that limited Phillips to less than sedentary work to "taking the excessive quantities of medication, levels that Dr. Temple feels is unnecessary." But that Dr. Temple believed the medications were unnecessary did not establish that they had not been taken as prescribed.

The ALJ found that with "substance abuse," Phillips was disabled. But the decision did not state a finding as to whether Phillips would have been disabled if she limited her use to medications taken as prescribed. Neither the precise basis for the ALJ's finding nor the impact of SSR 13-2p in this context is clear, and those questions should be addressed by the agency in the first instance. On

3

remand, the agency should determine whether Phillips's excessive use constituted evidence of a substance use disorder.

The ALJ inadequately articulated the basis for dismissing the opinion of the treating physician, Dr. Dumitru. Because Dr. Dumitru's opinion was contradicted, the ALJ had to provide "specific and legitimate reasons" based on substantial evidence before rejecting it. *See Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). The ALJ explained that Dr. Dumitru's opinion was inconsistent with the record and contradicted by the opinions of Dr. Temple and the State Agency, as well as a medical note by Dr. Sweeney. The ALJ later discussed and noted his reliance on Dr. Temple's opinion and the note by Dr. Sweeney, but left his specific reasons for discounting Dr. Dumitru's opinion to be inferred. On remand, the ALJ should reconsider his dismissal of Dr. Dumitru's opinion.

Substantial evidence supported the ALJ's credibility determination regarding Phillips. The ALJ provided clear and convincing reasons for discrediting Phillips's pain testimony. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). In making this determination, the ALJ properly considered inconsistencies in Phillips's testimony as well as inconsistencies between her testimony and her daily activities, work post disability onset, and the objective medical record. *See Smolen*

4

*v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

Costs are awarded to appellant Phillips.

**VACATED and REMANDED.**