NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 17 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YOLANDA YVETTE COBB,

            Plaintiff-Appellant,

  v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security
Administration,

            Defendant-Appellee.

No.   15-15316

D.C. No. 1:13-cv-00888-BAM

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding

Submitted February 14, 2017**
San Francisco, California

Before: SILER***, TASHIMA, and HURWITZ, Circuit Judges.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*    The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

Yolanda Cobb appeals the district court's judgment affirming the denial of her application for Social Security disability benefits. For the reasons stated below, we affirm.

1. Social Security Ruling 13-2p, ¶ 7.b requires the agency to "have evidence in the case record that establishes that a claimant with a co-occurring mental disorder(s) would be disabled in the absence of [substance abuse]." Substantial evidence supports the ALJ's determination that in the absence of substance abuse Cobb would no longer qualify as disabled. Dr. Vydro evaluated Cobb when she denied any substance abuse and had been staying at the hospital for a few days. During this evaluation, Dr. Vydro found her cooperative and pleasant. He also noted that she exhibited insight and judgment displaying intact cognitive functioning. Dr. Gaab, on the other hand, evaluated Cobb after she had abused prescription drugs. In his diagnosis, Dr. Gaab found Cobb's cognitive functioning prevented her from working. The ALJ's comparison of these evaluations provided substantial evidence in support of the determination that without substance abuse Cobb would no longer be disabled. *See, e.g.*, *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

2. *Phillips v. Commissioner of Social Security*, 613 F. App'x 641, 642 (9th Cir. 2015), does not suggest a different result. In comparing the medical evaluations

2

of Drs. Vydro and Gabb, the ALJ considered whether Cobb would remain disabled if she limited her use of medications to the prescribed dosage because during her stay at the hospital—the backdrop of Dr. Vydro's evaluation—Cobb's medication use was limited to the dosage properly prescribed.

**AFFIRMED.**